UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULINE ROCKE,

*Plaintiff*,

– against –

ACS, POLICE PSAI, MARLBORO HOUSING, CONEY ISLAND HOSPITAL, *and* WOODHULL HOSPITAL,

*Defendants*.

**MEMORANDUM & ORDER**
26-cv-04912 (NCM) (JRC)

PAULINE ROCKE,

*Plaintiff*,

– against –

MARLBORO HOUSING, WOODHULL HOSPITAL, *and* CONEY ISLAND HOSPITAL,

*Defendants*.

26-cv-05813 (NCM) (JRC)

PAULINE ROCKE,

*Plaintiff*,

– against –

ACS, PSAI, EMT, *and* VNS WORK,

*Defendants*.

26-cv-05814 (NCM) (JRC)

**NATASHA C. MERLE,** United States District Judge:

On August 11 and September 16, 2026, plaintiff Pauline Rocke, proceeding pro se, commenced the three above-captioned actions. *See* Complaint, *Rocke v. ACS*, No. 26-cv-04912, ECF No. 1 ("Rocke XVII Compl.") (Aug. 11, 2026); Complaint, *Rocke v. Marlboro Housing*, No. 26-cv-05813, ECF No. 1 ("Rocke XVIII Compl.") (Sep. 16, 2026); Complaint, *Rocke v. ACS*, No. 26-cv-05814, ECF No. 1 ("Rocke XIX Compl.") (Sep. 16, 2026) (collectively, the "Complaints"). In each action, plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. *See* Mot. for Leave to Proceed IFP, *Rocke v. ACS*, No. 26-cv-04912, ECF No. 2; Mot. for Leave to Proceed IFP, *Rocke v. Marlboro Housing*, No. 26-cv-05813, ECF No. 2; Mot. for Leave to Proceed IFP, *Rocke v. ACS*, No. 26-cv-05814, ECF No. 2.

The Court grants plaintiff's applications to proceed IFP and consolidates the three actions solely for purposes of this Order. For the reasons discussed below, plaintiff's complaints are **DISMISSED**. Within fourteen (14) days of this Memorandum and Order, plaintiff is directed to show cause why the Court should not enter a filing injunction barring plaintiff from commencing any future action in the Eastern District of New York without first seeking leave from the Court.

## BACKGROUND

On August 11 and September 18, 2026, plaintiff initiated three actions, which are her seventeenth, eighteenth, and nineteenth case filed before this Court. *See generally* Rocke XVII Compl.; Rocke XVIII Compl.; Rocke XIX Compl. All Complaints allege similar or the same facts as her sixteen prior actions.[1] None of plaintiff's prior submissions alleged

[1] *Rocke v. Hettleman*, No. 24-cv-05874 (dismissed); *Rocke v. Hettleman*, No. 24-cv-05961 (dismissed); *Rocke v. Turbow*, No. 24-cv-06041 (dismissed); *Rocke v. USA*, No. 25-

a viable federal claim, nor has any complaint lent clarity to the basis or bases for her claims. Like all prior submissions, the instant Complaints, to the extent comprehensible, seemingly concern the custody of her children, her mental health care, and alleged false accusations of criminal activity. Rocke XVII Compl. 5–8;[2] Rocke XVIII Compl. 5–6; Rocke XIX Compl. 5–6.

In the Rocke XVII Complaint, plaintiff asserts that the police and ACS, among other things, "pursue[d] . . . a false mental psychological diagnosis" to punish her with a crime. Rocke XVII Compl. 6. She alleges every time she becomes pregnant, "ACS pop up secretly start investigation" and that they "keep[] coming for [her] kids based [on] one false allegation[.]" Rocke XVII Compl. 7. The Complaint is otherwise unintelligible. For example, the relief plaintiff seeks from the Court is:

> The Police and acs for mishandling Evidence my case negligence claim ground to pursue action create a false mental Psychological diagnosis Record so Punish me crime didn't commit spreading false new admission of guilt force to the hospital unaware track have accession me denied how Received false diagnose Perpetuate Being Torture denied

Rocke XVII Compl. 6. In a subsequent filing on August 20, 2026, plaintiff requested reversal of an unspecified judgment. Notice 1, No. 26-cv-04912, ECF No. 4.

---

cv-00040 (dismissed); *Rocke v. Coney Island Hospital EMT*, No. 25-cv-00627 (dismissed); *Rocke v. PSA1 ACS*, No. 25-cv-00628 (dismissed pursuant to Federal Rule of Civil Procedure 8 with warning); *Rocke v. Coney Island Hospital*, No. 25-cv-00983 (dismissed pursuant to Federal Rule of Civil Procedure 8); *Rocke v. Rodricus*, No. 25-cv-00986 (dismissed pursuant to Federal Rule of Civil Procedure 8 with warning); *Rocke v. ACS*, No. 25-cv-02529 (dismissed pursuant to Federal Rule of Civil Procedure 8 with warning); *Rocke v. Judge Hettleman*, No. 25-cv-02619 (same); *Rocke v. Coney Island Hospital*, No. 25-cv-02622 (same); *Rocke v. Sacco*, No. 25-cv-02929 (same); *Rocke v. ACS*, No. 25-cv-04542 (same); *Rocke v. U.S.A.*, No. 25-cv-04793 (same); *Rocke v. ACS*, No. 26-cv-03818 (dismissed for filing deficiency); *Rocke v. Coney Island Hospital*, No. 26-cv-03819 (NCM) (dismissed for filing deficiency).

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Plaintiff's Rocke XVIII Complaint alleges she was "false[ly] accuse[d]" of nonconsensual distribution of an intimate image, "den[ied] market access," and "los[t] custody." Rocke XVIII Compl. 5. She states the following facts underlie her claims:

> criminal offense for knowingly distributing Intimate Image without consent additional Provision with from Online sexual Exploitation in front of minor with harm The Intent to Exploit nude Images while asleeping after criminalizing The distributing vulnerable to Exploitation By group watch Pornography scandal unauthorized Entry in the Interest of Justice To lose custody Parental alienation sneaky tactics Emergency of my son

Rocke XVIII Compl. 5. The statement of relief begins with "modify the order" but the remainder strings together various words that do not make out an intelligible request for relief. *See* Rocke XVIII Compl. 6.

Finally, in Rocke XIX, plaintiff alleges the events giving rise to her claims took place in:

> Cultural and Test Bias In Education Psychology unfairly Penalizes Bias assessment how End up in mental ward after woodhull hospital change diagnosis Implicit Bias characterizes External motivation lose custody Deny who telling me condition unjust normalized violence

Rocke XIX Compl. 5.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a pro se complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's Complaints because, even construed liberally, each complaint fails to meet Rule 8's minimal pleading requirements. Specifically, plaintiff fails to provide a "short and plain" statement of her claims so that each defendant in each case has a "fair understanding of what [] plaintiff is complaining about and . . . know[s] whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141.

As with her prior actions, plaintiff appears to seek relief from entities who were involved in her healthcare, the removal of her children from her custody, and a criminal case. However, the Complaints fail to suggest a basis for relief or allege intelligible facts for the Court to discern what relief is requested. For example, in the Rocke XVII Complaint, plaintiff appears to assert a claim for negligence against defendants ACS, Police PSAI, Marlboro Housing, Coney Island Hospital, and Woodhull Hospital, but fails to allege any facts that suggest what duty was owed to plaintiff by each defendant or how each defendant violated that duty. Rocke XVII Compl. 5–6. With respect to defendant Marlboro Housing, all that is alleged is that her neighbor's daughter went there. Rocke XVII Compl. 8.

The Rocke XVIII Complaint does not list a claim for relief, nor can one be construed from the pleading's "rambling accusations." *Infanti v. Scharpf*, No. 06-cv-06552, 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008); *see* Rocke XVIII Compl. 6. While plaintiff seeks to modify an order, she fails to provide any detail about the "order"—what it concerns, who issued the order, or even on what basis the Court could modify such an order—anywhere in the complaint. *See* Rocke XVIII Compl. 5–6. The Rocke XIX Complaint is similarly difficult to parse, and any facts alleged are impossible to discern.

Even when read with the "special solitude" afforded pro se pleadings, *Triestman*

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), the Complaints fail to state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [the] [p]laintiff [was] attempting to allege").

Accordingly, plaintiff's Complaints are dismissed.

* * *

The Court has considered affording plaintiff an opportunity to amend the Complaints. Based on the incomprehensible nature of the Complaints and plaintiff's litigation history, it is unlikely that plaintiff can cure the defects by amendment. Thus, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."); *Clifton v. Office of Temp. Disability OTDA*, No. 15-cv-06806, 2016 WL 482021, at *2 (E.D.N.Y. Feb. 4, 2016) ("Whereas ordinarily the [c]ourt would allow [the] plaintiff an opportunity to amend . . . it need not afford that opportunity here where it is clear from [the] plaintiff's submission and prior litigation history with the [c]ourt that he cannot state a plausible claim for relief. As such, any attempt to amend . . . would be futile.").

**ORDER TO SHOW CAUSE**

District courts may enjoin filings by litigants who persist in filing repetitive suits that lack merit. *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996); *see Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) (observing that the Second Circuit has approved anti-filing injunctions that "prohibited the filing of any matters in a designated category[,] against designated parties in demonstrated need of protection[, and] that required leave of court for future filings").

In nine of plaintiff's prior cases, the Court previously warned that it will not tolerate frivolous litigation. *See Coney Island Hospital*, No. 25-cv-02622, ECF No. 4 at 5–6; *Hettleman*, No. 25-cv-02619, ECF No. 4 at 5–6; *PSA1 ACS*, No. 25-cv-00628, ECF No. 10 at 4–5; *Rodricus*, No. 25-cv-00986, ECF No. 5 at 5; *ACS*, No. 25-cv-02529, ECF No. 4 at 5–6; *Rocke v. Coney Island Hospital*, No. 25-cv-02622, ECF No. 4 at 5–6; *Rocke v. Sacco*, No. 25-cv-02929, ECF No. 4 at 5*; Rocke v. ACS*, No. 25-cv-04542, ECF No. 4 at 5; *Rocke v. U.S.A.*, No. 25-cv-04793, ECF No. 4 at 5. For example, in *Coney Island Hospital*, the Court explained that "it would likely be a waste of resources for plaintiff to amend," and that the Court and defendants should not be expected to "expend resources on patently frivolous litigation." Memorandum & Order, No. 25-cv-02622, ECF No. 4 at 5–6. Despite the Court's prior warnings, the three consolidated actions in this Order follow a pattern of similarly incomprehensible complaints.

"[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). Prior to imposing such sanctions, the district court should provide the litigant with notice of the proposed sanction and an opportunity to be heard. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

Accordingly, within 30 days of this Order, plaintiff is hereby directed to show cause in writing why she should not be enjoined from filing any new IFP action in the Eastern

District of New York without first obtaining permission from this Court. 28 U.S.C. § 1651; *see, e.g.*, *In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993) (concluding that the "less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings" was a reasonable response to harassing, abuse of the litigation process); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (affirming district court's order enjoining plaintiff from future filing without seeking leave of the court). The Court will evaluate the following factors to determine whether to impose such an injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Stora v. New York City Bd. of Elections*, No. 25-cv-05004, 2026 WL 41247, at *3 (E.D.N.Y. Jan. 7, 2026) (quoting *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019)).

Plaintiff's response to the Court's order to show cause must explain why these factors do not weigh in favor of imposing an injunction. If plaintiff fails to show cause within the time allotted, or should her affirmation fail to set forth good cause as to why this injunction should not be entered, the Court shall impose an injunction prohibiting her from future filings without seeking leave of the Court.

**CONCLUSION**

For the reasons stated above, plaintiff's Complaints are dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim

for relief pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). On or before October 23, 2026, the Court directs plaintiff to file a response to the Court's order to show cause stating why she should not be prevented from filing any new civil actions without first obtaining the Court's permission.

The Clerk of Court is respectfully directed to enter judgment dismissing the actions, mail a copy of the judgments and this Memorandum and Order to plaintiff, note the mailing on the docket, and close the cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 9, 2026
Brooklyn, New York